O’Neall J.
delivered the opinion of the Court.
The only ground which will be considered, is the second. The plea pleaded, puis darrien continuance in bar, of the plaintiff’s action, is a clear waiver of the antecedent plea, the general issue. For when a party pleads such a plea, he confesses the *18 action to his new defence, and pleads it against its further maintenance. On authority, the matter is too clear to admit of debate. Chitty in his work on Pleading, (1st vol. 638.) says, ‘‘a plea puis darrien continuance, is not a departure from, but is a waiver of the first plea, and no advantage can be afterwards taken of it.” In Culver v. Barney, 14 Wend, 161, it is held, that a plea puis darrien continuance in bar, is a waiver of all former pleas.” On this ground the case must go back, as it is probable the defendant’s plea, puis darrien continuance, was pleaded without due attention to the legal consequences, he will be allowed to withdraw it, on payment of the plaintiff’s costs to the period of its withdrawal.
The motion for new trial is granted, and leave is given to the defendant on payment of the plaintiff’s costs, to withdraw the plea, puis darrien continuance.
Richardson J., Evans J., Butler J., and Wardlaw J., concurred.